UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 14-215 ADM |
| Plaintiff, | ) | **INFORMATION** |
| v. | ) | 18 U.S.C. § 982 |
| | ) | 18 U.S.C. § 1349 |
| ERIC CHILDS, | ) | 21 U.S.C. § 853 |
| Defendant. | ) | |

THE UNITED STATES ATTORNEY CHARGES THAT:

## COUNT 1
(Conspiracy to Commit Bank and Wire Fraud)

1. From at least on or about April 26, 2013, through on or about December 11, 2013, the defendant Eric Childs, conspiring with and aiding and abetting Christopher Lindsey and others known and unknown to the United States Attorney, devised and participated in a scheme to defraud banks and businesses using counterfeit checks.

2. At all relevant times, the following financial institutions did business in the State of Minnesota and elsewhere and held deposits insured by the Federal Deposit Insurance Corporation or the National Credit Union Share Insurance Fund:

    a. Wells Fargo Bank,

    b. TCF Bank,

    c. Bremer Bank,

    d. U.S. Bank,

    e. Northeast Bank,

SCANNED
JUN 2 0 2014
U.S. DISTRICT COURT ST. PAUL

  f.  Spire Bank,

  g.  BMO Harris Bank,

  h.  American Bank,

  i.  Associated Bank,

  j.  1st National Bank of Bemidji,

  k.  Anchor Bank,

  l.  Voyager Bank,

  m.  1st National Bank,

  n.  Northstar Bank, and

  o.  Wakota Federal Credit Union

(hereinafter referred to as the "Financial Institutions").

  3.  As part of the scheme to defraud, defendant and others within the conspiracy negotiated the counterfeit checks at banks and businesses. In additional to negotiating some of the counterfeit checks himself, defendant, conspiring with and aiding and abetting others recruited other individuals willing to negotiate the counterfeit checks.

  4.  Defendant and others negotiated counterfeit checks at businesses including Walgreens, CVS, and Super America, and Holiday, in the purchase of items including prepaid VISA gift cards and cartons of Newport cigarettes

  5.  At times relevant to this indictment, Walgreens and CVS utilized TeleCheck as a check processor. Accordingly, whenever a customer presented a check as payment at a Walgreens or CVS, the customer caused a wire communication to be sent from the retailer to TeleCheck via TeleCheck's servers in Chandler, Arizona, or Omaha,

Nebraska. The transaction then went through a quick approval process whereby TeleCheck determined whether the retailer should accept the check as payment for the purchase. In the case of an approval, TeleCheck then transmitted a wire communication to the retailer indicating that the check should be accepted.

6. From at least on or about April 26, 2013, through on or about December 11, 2013, in the State and District of Minnesota, the defendant,

**ERIC CHILDS,**

did knowingly and intentionally combine, conspire, confederate and agree with Christopher Lindsey, and others known and unknown to the United States Attorney, to commit offenses against the United States, that is:

    a. to knowingly execute and attempt to execute a scheme and artifice to defraud the Financial Institutions, and to obtain and attempt to obtain by means of material false and fraudulent pretenses, representations and promises, monies, funds, and property owned by and under the custody and control of the Financial Institutions, in violation of Title 18, United States Code, Section 1344; and

    b. having devised and intending to intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme and artifice, and attempting to do so, transmitted and caused to be transmitted by means of wire communication

in interstate commerce, any writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

7. The purpose of the conspiracy was to create counterfeit checks using stolen bank account information; to recruit co-conspirators to conduct fraudulent transactions at financial institutions and businesses using the counterfeit checks; and to obtain money and merchandise through the negotiation of the counterfeit checks. Defendant, Christopher Lindsey, and others, then converted the proceeds of the fraudulent transactions to their own use.

## MANNER AND MEANS

8. The conspiracy included the following manner and means:

    a. Fraudulently obtained and stole bank account information of victims in the State of Minnesota and elsewhere;

    b. Created counterfeit checks using the victims' fraudulently-obtained and stolen bank account information; and

    c. Conducted fraudulent transactions at banks and businesses in the State of Minnesota by using counterfeit checks to obtain money and merchandise.

9. The defendant participated in the scheme by obtaining counterfeit checks from Christopher Lindsey and then using the counterfeit checks himself or passing the counterfeit checks to co-conspirators, recruited by him, who then negotiated the counterfeit checks to purchase merchandise and gift cards at businesses. Defendant,

Christopher Lindsey, and other conspirators then shared the fraudulently purchased merchandise and gift cards.

10. In particular, on or about July 27, 2013, and on or about July 28, 2013, in the State of Minnesota, defendant executed the scheme and artifice to defraud as set forth above in that the defendant recruited D.S. and Q.C., who agreed to negotiate counterfeit checks created by Christopher Lindsey. Defendant then provided D.S. and Q.C.'s names and addresses to Christopher Lindsey for use on the counterfeit checks. After providing D.S. and Q.C.'s information to Lindsey, defendant obtained from Christopher Lindsey counterfeit checks drawing on the Wells Fargo bank accounts of victims C.D., T.M., B.M., and G.L. The counterfeit checks were made using the victim's bank account information but bearing the names of D.S., Q.C., and defendant. Defendant, D.S., and Q.C. then went to a variety of businesses, including Walgreens and CVS, in and around the Twin Cities and used the counterfeit checks to purchase merchandise including cartons of Newport cigarettes and prepaid Visa gift cards. Defendant kept a portion of the fraudulent purchased items and produced a portion of the fraudulently purchased items to Christopher Lindsey.

7. All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

Count 1 of this Information is hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

As the result of the offenses alleged in Count 1 of this Information, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violations.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

Dated: 6/19/14

ANDREW M. LUGER
United States Attorney

BY: LOLA VELAZQUEZ-AGUILU
Assistant U.S. Attorney
Attorney ID No. 389486